# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARMENCITA MARIA PEDRO,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-1462** |
| | : | |
| **UNITED STATES EQUAL** | : | |
| **EMPLOYMENT OPPORTUNITY** | : | |
| **COMMISSION,** *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                                          **JULY 8, 2021**

Plaintiff Carmencita Maria Pedro has failed to either pay the fees to commence this case or seek leave to proceed *in forma pauperis* despite being given three opportunities to do so. Since she has willfully failed to comply with the Court's orders, the Court will dismiss this case for failure to prosecute.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Pedro submitted her Complaint to the Court on March 28, 2021. (*See* ECF No. 1.) According to the caption of the Complaint, Pedro raises claims for employment discrimination in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. § 1981, and Title I of the Workforce Innovation and Opportunity Act. (ECF No. 1 at 1.) She names as Defendants federal and state agencies responsible for enforcing laws prohibiting employment discrimination, a contractor responsible for implementing a government jobs program, a labor union that represents hospital and health care employees and a related fund, a corporation, law firms and lawyers that represented the

union, fund and corporation in connection with charges of discrimination Pedro filed against them, and individuals who work for those entities. (*Id.* at 6-14, 20.)

The gist of Pedro's Complaint is that the Defendants colluded against her to prevent a proper investigation and resolution of her charges of employment discrimination. Apparently disappointed with the speed of the agencies' investigation, Pedro sought, and received, a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission on December 28, 2020. (*Id.* at 16.) She alleges that the agencies did not respond to her follow up questions about the handling of her charge. Accordingly, Pedro filed the instant lawsuit to "compel the production of any and all **'findings'** adopted and entered by Defendant EEOC" and the complete files for the charges of discrimination she filed. (*Id.* at 20 (emphasis in original).) She indicates that she will use this information to amend a prior lawsuit she filed against many of the same Defendants, which was dismissed without prejudice when she failed to either pay the fees or seek leave to proceed *in forma pauperis* as instructed. *See Pedro v. Philadelphia Works Inc.*, Civ. A. No. 20-1397 (E.D. Pa.).

On March 31, 2021, shortly after receiving Pedro's Complaint, the Court issued an Order directing her to either pay the $402 in fees to commence this civil action or to submit a motion to proceed *in forma pauperis* if she was unable to pay the fees. (ECF No. 3.) The Order gave Pedro thirty days to comply, directed the Clerk of Court to send her a blank form application to proceed *in forma pauperis* for her use should she need it, and informed her that her case could be dismissed for failure to prosecute if she failed to comply with the Order. (*Id.*) When Pedro sought additional time to comply, on May 7, 2021 the Court granted her request for an extension of time and directed her to either pay the fees or seek leave to proceed *in forma pauperis* by June 15, 2021. (ECF No. 5.) The Order again informed Pedro that failure to comply could result in her case being dismissed for failure to prosecute. (*Id.*)

On June 15, 2021, Pedro filed a "Motion to Ascertain the Intentions of United States District Court Judge Joel H. Slomsky to Voluntarily Disqualify Himself Pursuant to 28 U.S. Code § 455(a)" (ECF No. 6), which essentially sought the undersigned's recusal based on rulings in another pending discrimination case filed by Pedro. *See Pedro v. City Fitness, LLC*, Civ. A. No. 15-4964 (E.D. Pa.). Pedro did not, however, pay the fees or file a motion to proceed *in forma pauperis*. In a June 21, 2021 Order, which was docketed on June 22, 2021, the Court denied Pedro's recusal motion and directed her to either pay the fees or file a motion for leave to proceed *in forma pauperis* within seven days. (ECF No. 7.) The Order explained that "[f]ailure to either pay the fees or file a motion to proceed *in forma pauperis* in this time frame will be understood as a deliberate refusal to comply with the Court's Order, which will result in a dismissal of this case with prejudice." (*Id.*) Pedro did not comply with the Order.

## II.  DISCUSSION

The Court will consider whether it is appropriate to dismiss this case for failure to prosecute due to Pedro's failure to comply with the Court's Orders. "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *See Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors in reaching its decision, as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors"). *See, e.g., Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). However, an analysis under *Poulis* is not required when a

3

plaintiff willfully abandons the case or makes adjudication impossible. *See id.* at 455; *see also Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

A litigant is required to pay the applicable fees to commence a civil action in federal court. 28 U.S.C. § 1914. If a litigant cannot afford to pay the fees, the Court may authorize her to proceed *in forma pauperis* upon a showing of indigence. 28 U.S.C. § 1915. A case is not is not considered "filed" unless the plaintiff either pays the applicable fees or is granted leave to proceed *in forma pauperis* upon a finding that she is unable to pay the fees due to her financial circumstances.[1] Practically speaking then, Pedro's case cannot advance if she does not pay the applicable fees or file a motion for leave to proceed *in forma pauperis* that complies with § 1915.

---

[1] *See McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) ("Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*."); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 n.13 (3d Cir. 1996) ("[A] plaintiff who is able to pay the filing fee need only submit his or her complaint with the filing fee within the applicable limitations period. The complaint is filed and the statute of limitations is satisfied."); *Oatess v. Sobolevitch*, 914 F.2d 428, 429 n.1 (3d Cir. 1990) (explaining that a complaint, when submitted with a motion to proceed *in forma pauperis*, is technically not "filed" until the Court grants the motion); *see also Brown v. Sage*, 941 F.3d 655, 662 (3d Cir. 2019) (*en banc*) (explaining that, in the *in forma pauperis* context, a complaint is not "commenced" or "filed" until the court grants leave to proceed *in forma pauperis*).

However, Pedro has done neither despite being given three opportunities to do so and despite ultimately being warned that her failure to do so would be understood by the Court as deliberate and warrant the dismissal of her case with prejudice. (ECF No. 7.) Accordingly, since Pedro's willful noncompliance with the relevant statutes and the Court's directives has made adjudication impossible, it is appropriate to dismiss this case. *See Rizvi v. Maryland Dep't of Soc. Servs.*, 791 F. App'x 288, 289-90 (3d Cir. 2019) (*per curiam*) (upholding dismissal of litigant's case without prejudice for failure to prosecute when he failed to pay the fees as directed); *Demos v. President of U.S.*, 365 F. App'x 341, 342 (3d Cir. 2010) (*per curiam*) ("The record reflects that Demos neither paid the fees nor submitted a motion in the District Court for leave to proceed *in forma pauperis*. His suit was thus properly dismissed on that basis alone."); *Sebrell*, 159 F. App'x at 374 (observing, in affirming dismissal of plaintiff's case for failure to prosecute, that "[i]n light of [plaintiff's] persistent refusal to cooperate so that her case could move forward, we see no alternative path that the District Court could have taken").

Nevertheless, in an abundance of caution, the Court will analyze the *Poulis* factors as well. *Poulis* sets forth six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (*per curiam*).

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Pedro's sole responsibility to prosecute her case and comply with Court orders. *See Briscoe v. Klaus*,

5

538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was proceeding *pro se*, any failure to comply with orders was attributable to him). As noted above, Pedro was given three opportunities to either pay the fees or seek leave to proceed *in forma pauperis* if she could not afford to pay the fees. On each occasion, she was expressly informed that if she failed to do so, her case would be dismissed for failure to prosecute. Pedro, as a self-represented litigant, is solely responsible for complying with the Court's orders. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, is neutral here. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984). Since Pedro has not paid for this case nor demonstrated her inability to do so, the Court has not yet issued summonses and, therefore, service has not been made on the defendants.[2] Since the Defendants have not yet been served, they have not been prejudiced by Pedro's failure to prosecute her case.

The third factor, a history of dilatoriness, weighs favor of dismissal. This factor must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261. However, "[e]xtensive or repeated delay or

---

[2] In light of Pedro's failure to either pay the fees or file a motion for leave to proceed *in forma pauperis*, it is unclear at this point who would be responsible for serving the Defendants. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4.

6

delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. On the one hand, this case is in the early stages of litigation. On the other hand, the litigation has not been able to proceed beyond its initial stage due to Pedro's dilatory conduct. The delay is solely attributable to Pedro and nothing in the record provides a reasonable explanation as to why Pedro is unable to submit payment or file a proper *in forma pauperis* motion after being given three opportunities to do so. Because the record shows unexplained delays in Pedro's prosecution of her case, this factor weighs in favor of dismissal.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, weighs in favor of dismissal. As noted above, Pedro has been expressly and repeatedly instructed on what she is required to do to prosecute this case and has also been expressly informed of the consequences of her failure to comply with the Court's Orders. The Court's most recent Order made clear to Pedro that further nonresponsiveness would be understood by the Court as a deliberate refusal to comply with the Court's Order. (*See* ECF No. 7.) On this record, Pedro's failure to pay the fees or seek leave to proceed *in forma pauperis* may fairly be understood as willful.[3]

---

[3] The Court takes judicial notice of prior cases filed by Pedro, which reflect that she has recently demonstrated a pattern of submitting complaints to this Court without payment or a motion to proceed *in forma pauperis* and then failing to comply with the Court's orders directing that she either pay or seek *in forma pauperis* status. *See Pedro v. Deasey, Mahoney, & Valentini, Ltd.*, Civ. A. No. 18-5660 (E.D. Pa.); *Pedro v. Amazon.com LLC*, Civ. A. No. 19-2953 (E.D. Pa.); *Pedro v. Philadelphia Works Inc.*, Civ. A. No. 20-1397 (E.D. Pa.); *Pedro v. Mammuth & Rosenberg*, Civ. A. No. 20-5905 (E.D. Pa.); *see also Leggett v. Bates*, 533 F. App'x 57 (3d Cir. 2013) (*per curiam*) (indicating that a court may take judicial notice of records in other cases before it) (citing *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). These four prior cases were ultimately dismissed without prejudice due to Pedro's failure to prosecute. They provide additional support for the Court's conclusion that Pedro's failure to comply with the Court's Orders in this case is willful rather than based on confusion, inadvertence, or negligence. Pedro's appeal of one of those orders is currently pending before the United States Court of Appeals for the Third Circuit. *See Pedro v. Mammuth & Rosenberg*, No. 21-1431 (3d Cir.).

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective. Pedro is proceeding *pro se* and her apparent refusal to either pay the fees or move to proceed *in forma pauperis* such that this case may proceed indicates that no further sanction would be effective. *See Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990) ("From Guyer's conduct it is apparent that he had no intention of signing a limited power of attorney form in order to communicate with the court pending the adjudication of his claims. Guyer's position made adjudication of the case impossible. Therefore, any lesser sanction would not have furthered the interests of justice."). Given the procedural posture of this case and Pedro's apparent unwillingness to prosecute her claims, it is difficult to determine what other sanction might be available or appropriate in this context. *See King v. Galano*, Civ. A. No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile."). The fifth factor thus weighs in favor of dismissal.

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery. *See Poulis*, 747 F.2d at 869-70. Several of Pedro's claims appear meritless, such as those against federal and state agencies based on their allegedly improper handling of her charges of discrimination. *See Ponton v. AFSCME*, 395 F. App'x 867, 872 (3d Cir. 2010) (*per curiam*) ("Ponton was not an employee of the Commonwealth defendants, and his argument against these defendants stems solely from his dissatisfaction with how an agency (in this instance, the PHRC) responded to his charges of discrimination. Ponton cites no authority that would allow him to file suit on this basis against a state or state agencies under Title VII, and we agree with the District Court that this claim is properly dismissed."); *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's

alleged negligence or other malfeasance in processing an employment discrimination charge."). Assuming, under a liberal construction of the Complaint, that Pedro is pursuing her underlying employment discrimination claims in this case, which is possible though unclear, those claims are not pled with sufficient particularity to state a plausible claim. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." (quotations omitted)). Regardless, at this early stage of the litigation, it is possible that at least some of Pedro's claims may have merit, even if the Complaint is implausible as pled. However, a plaintiff must pursue her claims by complying with the prerequisites for proceeding and by complying with Court orders if she is to recover. Accordingly, this factor is neutral.

In sum, upon balancing the *Poulis* factors, the Court finds that they weigh heavily in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) due to Pedro's failure to prosecute and her failure to comply with the Court's Orders. An Order follows, which dismisses this case.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**